## HARRIS v. CAVINESS.

### Opinion delivered June 6, 1910.

1. APPEAL AND ERROR—NECESSITY OF OBJECTION.—It was not error for the circuit court to try the issue whether the cause had been compromised, without submitting such issue to a jury, if neither party asked that it should be so submitted. (Page 402.)

2. SAME—HARMLESS ERROR.—There was no prejudicial error in permitting the defendant in a case to make an oral motion to dismiss the case if the motion was specific in its terms. (Page 402.)

Appeal from Scott Circuit Court; *Daniel Hon,* Judge; affirmed.

*Jo Johnson,* for appellant.

Appellant was entitled to a jury trial. Const., art. 2, § 7; 56 Ark. 391; 48 Ark. 426; 57 Ark. 589; 36 Ark. 305; 32 Ark. 553; 26 Ark. 281; 50 Ark. 266; 40 Ark. 290; Kirby's Dig., § 6170; 125 S. W. 443; *Id.* 349; 123 S. W. 384. "Jury" means 12 men. 32 Ark. 17.

*Priddy & Chambers* and *John T. Castle,* for appellee.

Even if the question were such that appellant was entitled to a jury trial thereon, he waived it. 91 Pac. 115; 57 Ark. 594; 44 Ark. 202. But granting an involuntary nonsuit in a proper case does not contravene the constitutional guaranty of a jury trial. 9 Cur. Law, p. 984; 91 Pac. 115. The bill of exceptions fails to show that a jury trial was demanded and refused. 44 Ark. 202; 4 Ark. 158; 72 Ark. 261. Compromises are looked upon with favor by the courts. 46 Ark. 219; 31 S. W. 228; 32 Me. 278. And will be held binding in the absence of fraud or duress. 74 Ark. 270. A party to such an agreement can not repudiate without the consent of the other. 110 U. S. 217; 99 N. C. 58; 121 N. C. 589; 55 S. C. 555.

McCULLOCH, C. J. Daniel W. Harris and each of his four brothers instituted separate actions against appellee, Caviness, to recover damages for alleged slanderous words spoken of any concerning them by the latter. After issue joined, the court entered the following order of dismissal in each case (omitting caption):

"Comes the plaintiff, D. W. Harris, by his attorney, Jo Johnson, and the defendant, Bob Caviness, by his attorney, T.

N. Sanford, and upon motion of the defendant this cause is, after due consideration, by the court dismissed upon the settlement and compromise of the parties to the action. It is further ordered by the court that each party pay all costs incurred by him herein, to which action of the court in dismissing said cause the plaintiff at the time excepts, and plaintiff is given ninety days in which to prepare and file bill of exceptions herein."

The bill of exceptions was signed by the judge within the time allowed, and filed with the clerk. The only question presented is whether or not the order of dismissal as it appears on the record should be affirmed. The compromise and settlement referred to in the order was one alleged to have been made between the parties after the commencement of the several actions, and not before.

Counsel for appellants argue that the case should have gone to a jury on the question whether or not the cases had been settled, treating this as a matter in defense which arose after the action had been commenced and the pleadings made up. Without deciding that it should have gone to a jury upon the request of either party, it is sufficient for the purpose of disposing of these cases to say that neither party asked that it be so submitted. The court found, on testimony legally sufficient to sustain the finding, that the cases were compromised and settled subsequent to the commencement thereof. We are not at liberty to determine where the preponderance of the evidence lies, for it is our province only to ascertain whether or not there is substantial evidence in support of the finding of the trial court. The court made no written findings further than is recited in the above copied order, but those recitals necessarily imply a finding that the cases had been compromised and settled.

Appellants objected only that an oral motion be considered, and moved the court to require appellees to reduce their motion to writing. When this request was denied, they proceeded with the trial before the court without further objection, and testimony was introduced on each side in support of and in opposition to the motion. As the oral motion was specific in its terms, and as the court treated it as being controverted, there was no prejudicial error in the court's refusing

to require appellees to reduce it to writing. There is therefore nothing involved here except the question of fact, which must be treated as settled by the finding of the court.

Judgment affirmed.